# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

## Case No. 18-2042

TRANSAMERICA LIFE INSURANCE
COMPANY,
4333 Edgewood Road NE,
Cedar Rapids, IA 52499,

       Plaintiff,

v.

ALAN L. MELTZER
7021 Natelli Woods Lane
Bethesda, MD 20817

and

THE MELTZER GROUP, INC.
6500 Rock Spring Drive, Suite 500
Bethesda, MD 20817

       Defendants.
_____/

## COMPLAINT

Plaintiff Transamerica Life Insurance Company ("Transamerica") files this Complaint against defendants Alan L. Meltzer ("Meltzer") and The Meltzer Group, Inc. ("The Meltzer Group") (collectively, "Defendants"), and alleges as follows:

## PARTIES

1.     Plaintiff Transamerica is an insurance company incorporated in Iowa with its principal place of business in Cedar Rapids, Iowa.

2.     Defendant Meltzer is a resident and citizen of Maryland or Florida.  Meltzer is not a citizen of Iowa.

3.     Defendant The Meltzer Group is an insurance agency incorporated in Maryland, with its principal place of business in Bethesda, Maryland.

4.     Meltzer is the founder, chief executive officer, and an employee, agent, and principal of The Meltzer Group.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to this action have occurred within the District of Columbia.

## FACTUAL ALLEGATIONS

7.     This action arises out of the negligence of Defendants in misrepresenting information in an application for a life insurance policy that Defendants submitted to Transamerica.

8.     Meltzer is an insurance broker, who at all material times has sold insurance policies for multiple insurance companies, including Transamerica.

9.     In 2011, Meltzer was an insurance agent licensed to sell life insurance and was appointed as an agent and producer with Transamerica.

10.     In 2011, while acting on behalf of himself, and as an agent, employee, and officer of The Meltzer Group, Meltzer submitted to Transamerica an application for a life insurance policy (the "Policy") in the amount of $8 million on the life of Savvas P. Savopoulos ("Savopoulos").  Savopoulos was a resident of Washington D.C.

11.     The original life insurance application, dated February 1, 2011, stated that Savopoulos had a net worth of over $100 million, and that he had existing life insurance in force with other companies in the amount of $20.3 million, plus applications pending with other companies for additional life insurance of over $50 million.  The application was signed by the insured, the owner, and Meltzer in Washington D.C.

12.     On or about March 18, 2011, in response to questions from Transamerica about the total amount of insurance to be placed on the life of Savopoulos, Meltzer signed and submitted an amendment to the Policy application stating that the total amount of insurance collectively issued by all carriers on the life of Savopoulos was $43.8 million (the "Application Amendment").  The Application Amendment was signed at Washington, D.C.  A copy of the Application Amendment is attached hereto as Exhibit A.

13.     The Application Amendment stated that there were pending applications with only four other life insurance companies, and further stated: "Total line to be placed is $23.5 million.  Total line in-force with all companies will be $43.8 million."

14.     Unknown to Transamerica, the statement on the Application Amendment regarding the total amount of insurance on the life of Savopoulos was false.  In fact, the Defendants had themselves applied for insurance coverage on the life of Savopoulos with a number of different companies totaling in the aggregate in excess of $75 million.

15.     Transamerica reasonably relied on Defendants' representations in the Application Amendment regarding the total amount of insurance on the life of Savopoulos and issued the Policy (Policy no. 42764547) insuring the life of Savopoulos in the amount of $8 million.

16.     Defendants received compensation for selling the Policy.

17.     Pursuant to a reinsurance agreement with Munich Re (the "Reinsurer"), $1,225,000 of the $8,000,000 risk attributable to the Policy was automatically reinsured, provided that the total insurance coverage from all carriers on the life of the insured did not exceed $65 million (the "Jumbo Limit").

18.     On May 14, 2015, Savopoulos died, and Transamerica subsequently paid the Policy's $8 million death benefit in full.

19.     On September 16, 2015, the Reinsurer determined that the Policy violated the Jumbo Limit, and as a result, the Reinsurer denied Transamerica's claim for reinsurance, and Transamerica suffered a loss of $1,225,000.

20.     A subsequent investigation by Transamerica confirmed that the Application Amendment submitted by Defendants was false, and that Defendants had written in excess of $75 million of coverage on Savopoulos' life with seven other companies.

21.     Defendants carelessly and negligently misrepresented and failed to disclose in the Application Amendment that they had applied for and obtained at least $76,754,000 in life insurance coverage from a number of companies on the life of Savopoulos, including the following:

     a.   One policy for $3,500,000 of life insurance from AIG;

     b.   One policy for $2,000,000 of life insurance from Banner Life;

     c.   Four policies totaling $14,300,000 of life insurance from Mass Mutual;

     d.   One policy for $22,000,000 of life insurance from ING ReliaStar;

     e.   One policy for $19,954,000 of life insurance from John Hancock;

     f.   One policy for $10,000,000 of life insurance from Lincoln National; and

     g.   One policy for $5,000,000 of life insurance from AXA Equitable.

22.     At the time they submitted the Application Amendment to Transamerica, Defendants knew or should have known that there was in force or pending to be issued in excess of $65 million of life insurance on the life of Savopoulos.

23.     At all material times, the acts and omissions of Meltzer described in this Complaint were done with the actual, implied, and apparent authority of The Meltzer Group, and were within the scope of Meltzer's agency as an employee, agent, and officer of The Meltzer Group.  The Meltzer Group had a direct financial interest in the placement of life insurance by Meltzer.

## CLAIM FOR NEGLIGENT MISREPRESENTATION

24.     Transamerica hereby incorporates by reference the factual allegations stated in paragraphs 1 through 23 as if fully set forth herein.

25.     In 2011, Meltzer was an employee, agent, and officer of The Meltzer Group, and was a licensed and appointed insurance agent and producer with Transamerica.  Defendants owed to Transamerica a duty of care to not submit false and inaccurate information on an application for life insurance coverage.

26.     In violation of their duty of care, Defendants negligently misrepresented and failed to disclose in the Application Amendment that they applied for and obtained at least $76,754,000 in life insurance from a number of companies on the life of Savopoulos as set forth above in paragraph 21 of this Complaint.

27.     In violation of their duty of care, Defendants falsely stated in the Application Amendment:  "Total line to be placed is $23.5 million.  Total line in-force with all companies will be $43.8 million."

28.     The content of the Application Amendment and the total amount of life insurance on the life of Savopoulos was material to the underwriting and issuance of the Policy.

29.     Defendants knew that false and inaccurate statements in an insurance policy application can cause loss to an insurance company that issues a policy based on such false or inaccurate statements.

30.     Transamerica reasonably relied on Defendants' statements in the Application Amendment in issuing $8 million in coverage under the Policy.

31.     As a direct and proximate result of Defendants' negligent misrepresentations and omissions in the Application Amendment, Transamerica was denied reinsurance coverage and suffered a loss of $1,225,000, plus interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Transamerica demands judgment against Defendants Meltzer and The Meltzer Group, awarding Transamerica its actual, compensatory, and consequential damages, plus costs, interest, attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated:  August 30, 2018                              Respectfully submitted,

/s/ Dawn B. Williams
Dawn B. Williams, D.C. Bar No. 498072
CARLTON FIELDS JORDEN BURT, P.A.
Suite 400 West
1025 Thomas Jefferson Street, NW
Washington, D.C. 20007-5208
Telephone: (202) 965-8100
Facsimile: (202) 965-8104
Email: dwilliams@carltonfields.com

*Attorneys for Plaintiff*
*Transamerica Life Insurance Company*